An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ALEX B. GHIBAUDO, BAR NO. 10592.

No. 62670

**FILED**

MAY 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

Attorney Alex Ghibaudo was temporarily suspended in August 2009, and has remained suspended since that time. In December 2013, this court considered a disciplinary board hearing panel's recommendation that we approve Ghibaudo's conditional guilty plea agreement and, because the proposed suspension term had run, that we reinstate Ghibaudo to the practice of law, subject to conditions. We subsequently issued an order in which we approved Ghibaudo's conditional guilty plea and imposed a three-year suspension, retroactive to Ghibaudo's August 2009, temporary suspension date.

In the same order, this court denied Ghibaudo reinstatement to the practice of law because he had not repaid in full the $13,463 debt he owed to the State Bar Client Security Fund. Based on Ghibaudo's failure to pay his debt to the Client Security Fund, we concluded that clear and convincing evidence did not support the panel's finding that Ghibaudo's reinstatement "[would] not be detrimental to the integrity and standing of

14-17352

the bar, to the administration of justice, or to the public interest." SCR 116(2). We stated that we would not consider reinstatement until Ghibaudo had repaid all of the money owed to the Client Security Fund, and we denied reinstatement at that time.

In March 2014, Ghibaudo submitted a petition in which he stated that he had repaid the full amount owed to the Client Security Fund.[1] Pursuant to this court's order, the State Bar provided confirmation that Ghibaudo has repaid the Client Security Fund in full. The three-year suspension imposed by our previous order has expired. Accordingly, we approve the panel's recommendation and Ghibaudo is reinstated to the practice of law, subject to the following conditions: Ghibaudo shall serve a two-year probationary period from the date of this order, during which he shall not practice as a solo practitioner; he shall be mentored by a member of the State Bar's TIP mentoring program; he shall comply with all annual CLE requirements; he shall continue his psychological and psychiatric treatment, including taking prescribed medication; and he shall provide

---

[1]Ghibaudo's petition also asked this court to recall the remittitur that was issued on February 3, 2014. We recall the remittitur for the limited purpose of issuing the instant order. Ghibaudo's petition for rehearing/reconsideration, received on March 24, 2014, shall be returned unfiled.

Bar Counsel with a relapse-prevention plan approved by a licensed healthcare professional upon the completion of the probationary period.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:  David A. Clark, Bar Counsel
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Eric P. Roy
Perry Thompson, Admissions Office, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A